1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS EUGENE GRAY,                  No.  1:23-cv-01297 GSA (PC)

12              Plaintiff,                ORDER AND FINDINGS AND
                                          RECOMMENDATIONS
13        v.
                                          ORDER RECOMMENDING THIS MATTER
14   WARDEN, et al.,                      BE DISMISSED FOR FAILURE TO OBEY
                                          COURT ORDERS AND FOR FAILURE TO
15              Defendants.               PROSECUTE

16                                        (See ECF Nos. 7, 8)

17                                        PLAINTIFF'S OBJECTIONS DUE IN
                                          FOURTEEN DAYS
18

19
           Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
20
     rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
21
     Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
22
           For the reasons stated below, the undersigned will recommend that this matter be
23
     dismissed for failure to prosecute and for failure to obey court orders.  Plaintiff will have fourteen
24
     days to file objections to this order.
25
           I.      RELEVANT BACKGROUND
26
              A.  First Order Directing Plaintiff to File Notice of Current Address
27
           On August 30, 2023, Plaintiff's complaint was docketed in this Court.  ECF No. 1.  On
28

                                       1

March 12, 2025, given that a significant amount of time had passed since Plaintiff's complaint had been filed, the Court issued a minute order which directed Plaintiff to file a notice of current address.  See ECF No. 7.  Plaintiff was given seven days to comply with the order.  See id.  The order was sent to Plaintiff's address of record at that time:  Mule Creek State Prison ("MCSP").  See NEF at ECF No. 7.

### B.  Second Order Directing Plaintiff to File Notice of Current Address

Plaintiff did not comply with the Court's minute order within the time allotted, nor was the order returned to the Court marked "undeliverable."  As a result, out of an abundance of caution, the Court conducted a search for Plaintiff on the California Department of Corrections and Rehabilitation's ("CDCR") website to determine whether Plaintiff was still incarcerated at MCSP.  See ECF No. 8 at 2.  In so doing, it was determined that Plaintiff was incarcerated at California State Prison – Los Angeles County ("CSP-Los Angeles"), not MCSP.  See id.  Based on this finding, after noting for the record that it was Plaintiff's responsibility to keep the Court informed of his current address, for a second time – consistent with Local Rule 183(b) – the Court ordered Plaintiff to file a notice of change of address with the Court, and to also inform it whether he wished to continue to prosecute this case.  ECF No. 8 at 3.  Once again, Plaintiff was given seven days to comply with the Court's directives.  See id.

In the Court's second order, because CDCR records clearly indicated that Plaintiff was incarcerated at CSP-Los Angeles, and this contradicted the information on the Court's docket (which to this day still states that Plaintiff is incarcerated at MCSP), the Court directed the Clerk of Court to mail a copy the order to Plaintiff at both MCSP, and at CSP-Los Angeles.  See ECF No. 8 at 3.  To further ensure that Plaintiff received the order, the Clerk of Court was also ordered to place Plaintiff's CDCR prison inmate ID number next to his name on each of the two mailings.[1]  Id.

---

[1]  In addition, on the off-chance that the Clerk of Court did not have a standard mailing address for mailing orders to inmates at CSP-Los Angeles, the Court also provided a general mailing address for the prison that could be used to send Plaintiff the order there.  See ECF No. 8 at 3.

1                        C.  <u>Plaintiff's Second Failure to Comply with Court Orders</u>

2            Much more than seven days has passed and Plaintiff has not complied with the Court's

3  order to verify his current address and to inform it whether he wishes to continue to prosecute this

4  case.  The Court notes as well that neither the order sent to MCSP, nor the order sent to CSP-Los

5  Angeles, have been returned marked "undeliverable."  Plaintiff has not requested an extension of

6  time to file the address verification, or to inform the Court whether he wishes to continue to

7  prosecute this case.  On the contrary, he has not responded to the Court's orders in any way

8  despite the fact that it is presumed that Plaintiff received them.  <u>See</u> <u>Rosenthal v. Walker</u>, 111

9  U.S. 185, 193 (1884) (stating letter shown to have been properly delivered to postman is

10  presumed to have reached its destination and to have been received by addressee); <u>Busquets-Ivars</u>

11  <u>v. Ashcroft</u>, 333 F.3d 1008, 1010 (9th Cir. 2003) (citing <u>Rosenthal</u>).

12                      D.  <u>Plaintiff's Second Relocation Without Notice to the Court</u>

13            Prior to drafting this order, the Court conducted yet another search for Plaintiff on the

14  CDCR's website using Plaintiff's prison ID number.  The search indicates that Plaintiff is no

15  longer incarcerated at CSP-Los Angeles, nor is he incarcerated at MCSP.  Today, Plaintiff is

16  incarcerated at the California Correctional Institute ("CCI").  <u>See</u>

17  https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=AS5651 (last visited 7/10/25).  To date,

18  however, Plaintiff has yet to file a notice of change of address with the Court to inform it of his

19  new location.

20         II.      <u>APPLICABLE LAW</u>

21               A.  <u>Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)</u>

22            Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

23  to prosecute or he fails to comply with a court order.  <u>See</u> Fed. R. Civ. P. 41(b).  Local Rule 110

24  also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

25  110.

26            Local Rule 182(f) permits service to be effective service at a prior address if a party fails

27  to notify the Court and other parties of his address change.  <u>Id.</u>  Finally, Local Rule 183(b) gives a

28

party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court.  Id.

    B.  Malone Factors

    The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

    III.    DISCUSSION

        A.  Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

    Given that neither the first March 12, 2025, minute order sent to MCSP, nor the second April 23, 2025 order sent to both MCSP and CSP-Los Angeles which directed Plaintiff to file a notice of current address and to inform the Court if he wished to continue to prosecute this case were returned to the Court, Plaintiff was properly served at each of the locations.  It is a plaintiff's responsibility to keep a court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  Furthermore, given that Plaintiff has twice failed to provide a forwarding address with the Court before he was transferred to CSP-Los Angeles and then to CCI supports a finding that Plaintiff has likely abandoned this case.  This warrants its dismissal in accord with Rule 41(b) and Local Rules 110, 182(f), and 183(b).

        B.  Application of Malone Factors Supports the Dismissal of This Case

            1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

    Plaintiff has been given sufficient time to file notices of change of address as well as to

4

respond to the Court's orders that directed him to inform it whether he wished to still prosecute this case.  Despite these facts, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to provide forwarding addresses  to the Court while he was housed at both  to MCSP or CSP-Los Angeles  is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2.  Risk of Prejudice to Defendants

Furthermore, because the complaint in this matter has yet to be screened no viable defendant has yet been determined, and thus no time and effort  has been put into defending against it.  As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed.  On the contrary, dismissal will benefit those Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3.  Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address[3] with the Court, as well as to comply with the Court's order to verify that he wishes to

---

[2]  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

[3]  In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

1    continue to prosecute this case, there is no less drastic option than dismissal. Although the

2    disposition of cases on their merits is preferred, this matter cannot be prosecuted without

3    participation by Plaintiff, nor can it be disposed of on its merits.

4        IV.   CONCLUSION

5        For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules

6    110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends

7    that this matter be dismissed without prejudice for failure to obey a court order and for failure to

8    prosecute.[4] See id. Plaintiff will have fourteen days to file objections to this order. The Clerk of

9    Court will be directed to mail a copy of this order to Plaintiff at CCI, where Plaintiff is currently

10   incarcerated.

11       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall:

12       1.  Randomly ASSIGN a District Judge to this matter, and

13       2.  MAIL a copy of this order to Plaintiff at BOTH the Mule Creek State Prison address

14   that Plaintiff currently has listed on the docket in this case, AND to the mailing address that the

15   Court normally uses to mail orders to inmates at California Correctional Institute (CCI). The

16   mailings should also include Plaintiff's prison inmate ID number next to his name.

17       IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

18   for failure to prosecute and for failure to obey court orders. See ECF Nos. 7, 8; see also Fed. R.

19   Civ. P. 41(b) and Local Rules 110, 182(f) and 183(b).

20       These findings and recommendations are submitted to the United States District Judge

21   who will be assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

22   fourteen days after being served with these findings and recommendations, Plaintiff may file

23   written objections with the Court. Such a document should be captioned "Objections to

24   Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

25       The Court will not consider exhibits attached to the objections. To the extent that Plaintiff

26   wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

27

28   [4] A failure to timely notify the Court of a change of address permits the Court to dismiss the matter for failure to prosecute. See Local Rule 183(b).

its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  <u>See</u> <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  __**July 10, 2025**__          _____**/s/ Gary S. Austin**__
                                        UNITED STATES MAGISTRATE JUDGE