UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE GRAY<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01297 JLT GSA (PC)<br><br>ORDER DECLINING THE FINDINGS AND RECOMMENDATIONS AND REFERRING TO THE MAGISTRATE JUDGE FOR SCREENING<br><br>(Doc. 10) |

    Thomas Eugene Gray seeks to hold the defendants liable for violations of his civil rights while housed at California State Prison- Corcoran. (Doc. 1 at 1.) Plaintiff filed his complaint on August 30, 2023, after which he filed a notice of chance of address indicating that he is now housed at Mule Creek State Prison. On March 7, 2025, because the matter was pending screening for an extended period, the magistrate judge ordered Plaintiff "to file a "Notice of Current Address" within seven days. (Doc. 7.) The U.S. Postal Service did not return the Court's mail. On April 23, 2025, the magistrate judge issued a second order, noting that the Court "discovered that Plaintiff's address has changed since he filed his complaint" and directing Plaintiff to file a notice of change of address. (Doc. 8 at 2-3.) Again, the Postal Service did not return the Court's mail, for either service to the original Mule Creek address or CSP- Los Angeles County, where the magistrate judge believed Plaintiff to be currently housed. Plaintiff did not respond to either of the Court's orders.

The magistrate judge found Plaintiff failed to comply with the Court's orders to file a "Notice of Current Address" and subsequent order to file a "Notice of Change of Address." (Doc. 10 at 1-3.) Therefore, the magistrate judge recommended the action be dismissed for failure to comply with the Court's orders and failure to prosecute under Local Rule 183(b), which requires *pro se* litigants to keep the Court informed of a current mailing address. (*Id.* at 6.) The Court served Plaintiff at the Mule Creek address on record, as well as the California Correctional Institute- Tehachapi—where Plaintiff was transferred to following at an unidentified time—and informed Plaintiff that any objections were due within 14 days. (*Id.* at 7.) Plaintiff did not respond to the Court's order.

Significantly, a plaintiff has an obligation to notify the Court of a change of address, but he does not have any legal obligation to provide the Court with periodic confirmation of his *current* address, even when a matter has been pending without any Court action for an extended period due to the ongoing judicial emergency in this District. From the record, it is unclear whether Plaintiff experienced only brief housing reassignments—such as transfers for purposes of court appearances—or whether such housing reassignments are more permanent, such that a notice of change of address is necessary. Indeed, to date, the U.S. Postal Service has not returned *any* of the Court's mail served to the Mule Creek address, which suggests that mailing address remains current and is not inactive for Plaintiff. Accordingly, the Court is unable to find that Plaintiff was, in fact, obligated to file a "Notice of Change of Address" under Local Rule 183(b). Towards this end, the Court declines to adopt recommendation for dismissal. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued July 11, 2025 (Doc. 10) are **DECLINED**.
2. The matter is **REFERRED** to the magistrate judge for screening of the complaint pursuant to 28 U.S.C. § 1915A(a).

///
///
///

3.  The Court **SHALL** serve this order upon Plaintiff at the address on record for Mule Creek State Prison, as well as the address previously served for CCI-Tehachapi.

IT IS SO ORDERED.

Dated:  **August 3, 2025**

UNITED STATES DISTRICT JUDGE

3