# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE GRAY, | No.  1:23-cv-01297-JLT-FRS (BAM) (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S MAILING ADDRESS |
| v. | |
| WARDEN, et al., | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| Defendants. | (ECF No. 1) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Thomas Eugene Gray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.      Plaintiff's Address

Plaintiff was previously directed to file a notice of change of address in this matter.  (ECF Nos. 7, 8.)  Plaintiff did not respond, resulting in a recommendation of the then-assigned Magistrate Judge to dismiss this action for failure to comply with the Court's orders and failure to prosecute under Local Rule 183(b), (ECF No. 10).  Finding that Plaintiff had no legal obligation to provide the Court with periodic confirmation of his current address when the U.S. Postal Service had not returned any of the Court's mail served to Plaintiff at his address of record at Mule Creek State Prison, the District Judge declined to adopt the recommendation for dismissal. (ECF No. 11.)  The District Judge further referred the matter to the Magistrate Judge for

1

screening of the complaint.  (*Id.*)  The order was served on Plaintiff at his address of record at Mule Creek State Prison as well as his previous address at CCI-Tehachapi, also known as California Correctional Institution.  (*Id.*)

On September 11, 2025, the District Judge's order addressed to Plaintiff at Mule Creek State Prison was returned as "Undeliverable, Return to Sender, Refused, Unable to Forward."  He order sent to Plaintiff at CCI-Tehachapi was not returned.  Plaintiff's notice of change of address, pursuant to Local Rule 183(b), was therefore due on or before October 13, 2025.

It appears that Plaintiff's address of record is now incorrect.  However, a review of the CDCR California Incarcerated Records and Information Search ("CIRIS") website as of the date of this order indicates that Plaintiff is again housed at the California Correctional Institution in Tehachapi, California.[1]  In light of the prior proceedings regarding Plaintiff's address and the District Judge's order, the Court finds it appropriate to direct the Clerk of the Court to update Plaintiff's address pursuant to the information found on the CIRIS website.  **However, Plaintiff is reminded that the Court is not obligated to search for his correct address, and it remains his responsibility to submit a notice of change of address if his mailing address changes in the future**.

Accordingly, Plaintiff's complaint is currently before the Court for screening.  (ECF No. 1.)

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

///

---

[1] The Court may take judicial notice of public information stored on the CIRIS website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d. 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.   Plaintiff's Allegations**

The events in the complaint are alleged to have occurred while Plaintiff was housed at CSP-Corcoran in Corcoran, California. Plaintiff names the following defendants: (1) Jane Doe, Warden at CSP-Corcoran; (2) John Doe, Assistant Warden at CSP-Corcoran; (3) Johnson, Captain at CSP-Corcoran; (4) Cantu, Correctional Counselor II at CSP-Corcoran; (5) B. Chavarria, C/O at CSP-LAC; (6) M. Rosales, Lt. at CSP-LAC; (7) I. Mijares, Lt. at CSP-LAC; (8) A. Chaney, C/O at CSP-LAC; (9) B. Legier, Lt. at CSP-LAC; (10) S. Jordan, C/O at CSP-LAC; and (11) John Doe, Security Officer(s) at PRMC.

Plaintiff alleges that on March 29, 2022, Defendant B. Chavarria falsely charged Plaintiff with "Battery on a Peace Officer" (RVR Log Number: 7170807). Defendant Chavarria claimed that Plaintiff twisted his wrist, causing the fingers on Chavarria's right hand to be pinched in between the handcuffs and block box. Chavarria also claimed that Plaintiff began shifting his upper torso towards Chavarria, which ultimately resulted in Plaintiff being placed in the ASU and then the SHU for multiple months.

///

3

Hearing Officer Defendant B. Legier deprived Plaintiff of the fundamental right to call Defendant Chavarria as a witness.  The entire case was based on the introduction of false inculpatory evidence that was conspired against Plaintiff by Defendants Chavarria and S. Jordan.  As a direct result of the arbitrary government action, Plaintiff was subjected to a false imprisonment when he was assessed an 18-month SHU term under the regulatory discretion of Defendants Warden, Assistant Warden, Captain Johnson, and CCII Cantu, who were all personally present as committee members at CSP-Corcoran.

Plaintiff was placed in the SHU as a retaliatory measure in violation of the Due Process Clause of the Fourteenth Amendment.  Plaintiff suffered severe emotional distress, fear, mental anguish, and distress after spending numerous months locked up in a cement box approximately five feet wide by eight feet long.  Plaintiff was also deprived of all his personal property, which was never returned to him.  This included books, clean clothing, personal letters, pictures, drawings, and electronics.  Plaintiff sat there for 24 hours a day with nothing to do.  Plaintiff was only allowed three showers a week and had to wear the same clothing for a week at a time.  Plaintiff was subjected to long lock-in times, severe restrictions on activities and contact with other inmates, restriction on visiting, packages and canteen, and denied the right to attend group religious services, severely adversely affecting Plaintiff's mental health.

Plaintiff appealed the Guilty finding (Grievance #269382), and the grievance was granted based on a violation of Plaintiff's due process rights because Plaintiff was denied his procedural due process right to summon witnesses, including the reporting employee.  Subsequently, via the administrative appeals process, the RVR was overturned the last week Plaintiff was housed in the SHU.

Plaintiff further alleges that on an unspecified date, Defendants Chavarria and Jordan utilized excessive force on Plaintiff while at the Palmdale Regional Medical Center.  Defendants Chavarria and Jordan punched, kicked, and choked Plaintiff after Defendant Chavarria grabbed a hold of Plaintiff's left thumb and attempted to snap it backwards after Plaintiff asserted his right to remain silent and peacefully protest by sitting upright on the side of the hospital bed, looking down, with eyes closed, while holding the side rail of the hospital bed that was under Plaintiff's

4

knees, while Plaintiff was handcuffed with his hands in the frontal position. This triggered "fight or flight" in Plaintiff's mind, leaving Plaintiff no choice besides abruptly going into protective mode and protect oneself from the pain that Defendant Chavarria inflicted on Plaintiff. Then Defendant Jordan joined the attack on Plaintiff's person by also striking Plaintiff with kicks to the body and punches to the head and facial area with clinched fists. Defendant Chavarria continued to choke Plaintiff backwards as they both slammed Plaintiff on the ground. After Plaintiff was already on the ground, three black "John Doe" hospital security guards also joined the assault on Plaintiff's person.

Plaintiff seeks damages.

## IV.   Discussion

### A.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link Defendants Rosales, Mijares, and Chaney to any wrongful conduct or personal participation in the alleged violations of his rights. In any amended complaint, Plaintiff must link each individual defendant to a specific act or omission that violated Plaintiff's rights.

///

///

5

**B.    Supervisory Liability**

Insofar as Plaintiff is attempting to sue the Warden or any other defendant, based solely upon his or her supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570.  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**C.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Many of Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and must include factual allegations identifying what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### D.     Person Acting Under Color of Law

"Under Section 1983, a 'person' acting under color of law may be sued for violations of the U.S. Constitution or federal laws. The term 'persons' under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008) (internal citation omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff has named several John Doe hospital security guards at Palmdale Regional Medical Center ("PRMC") as defendants. Plaintiff does not allege that these individuals were employed by the state or were exercising power possessed by virtue of state law. Plaintiff may not pursue claims against individuals under section 1983 if they were not acting under color of law.

### E.     Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

7

occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action.  It is not clear whether the incident of excessive force at PRMC is the same incident at issue in Plaintiff's RVR proceedings.  Plaintiff may not, in a single case, assert a claim related to excessive force against one set of defendants while simultaneously asserting a due process claim regarding unrelated disciplinary proceedings against a different set of defendants.  Plaintiff also may not bring unrelated claims against defendants at different institutions.  Unrelated claims involving multiple defendants belong in different suits.  Separate unrelated claims must be filed in separate lawsuits.  In any amended complaint, Plaintiff should provide more information about how the claims in this action are related, or he should only bring claims that are properly joined.

### F.    First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation.  The mere threat of harm can be an adverse action."  *Watison*, 668 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected

conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff alleges that the SHU term was imposed as a retaliatory action, and in his request for relief alleges that he suffered injuries as a result of Defendants' "indifference to Plaintiff's rights as retaliation for filing complaints." (ECF No. 1, p. 9.) Plaintiff provides no further factual assertions to support a claim for retaliation. Merely stating that actions were taken as retaliation for filing complaints, without more, does not state a cognizable claim. Plaintiff will be permitted leave to amend this claim to the extent he can do so in good faith.

**G.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

1.    Excessive Force

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff may be able to state a cognizable claim for excessive force against Defendants Chavarria and Jordan for the incident at PRMC. However, it is not clear whether this claim is related to Plaintiff's due process and conditions of confinement claims or if it is properly joined in this action. It is also not clear if this claim is properly venued in the Eastern District of California, as it appears these events occurred in Los Angeles County. In any amended complaint, Plaintiff should provide more information about when and where this claim occurred and who was involved.

### 2. Conditions of Confinement

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

As currently pled, Plaintiff fails to state a cognizable Eighth Amendment claim against any defendant related to his conditions of confinement. While Plaintiff alleges that during his SHU term he had nothing to do for 24 hours a day, was only allowed three showers a week and

had to wear the same clothing for a week at a time, and suffered other restrictions related to visiting, packages and canteen, and group religious services and contact with other inmates, none of these allegations rise to the level of a constitutional violation.

### H.      Fourteenth Amendment

#### 1.      Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 563-71.  In addition "[s]ome evidence" must support the decision of the hearing officer.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ."  *Id.* at 455–56 (emphasis added).

Plaintiff alleges that his due process rights were violated because he was not permitted to call Defendant Chavarria as a witness during his RVR hearing.  However, Plaintiff does not allege why his witness was denied, or whether the hearing officer made a finding that permitting Plaintiff to call his witness would be unduly hazardous to institutional safety or correctional goals.  Plaintiff will be permitted to amend his complaint to correct this deficiency.

#### 2.      Property

Prisoners have a protected interest in their personal property.  *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v.*

11

*Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533 (holding an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural protections of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

Plaintiff fails to state a cognizable claim related to the loss of his property. While Plaintiff alleges that his property was never returned to him after his SHU term, Plaintiff does not link the loss of his property to any defendant. Plaintiff will be granted leave to amend this claim.

## I.      False Evidence

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, Plaintiff's complaint fails to state a cognizable claim based on the allegedly false RVR.

///

///

12

**J.    Doe Defendants**

Plaintiff names several doe defendants.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**V.    Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief.  As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk of the Court is DIRECTED to update Plaintiff's mailing address to the California Correctional Institution in Tehachapi, California;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a

13

notice of voluntary dismissal); and

4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:    **January 15, 2026**              /s/ *Barbara A. McAuliffe*    _

UNITED STATES MAGISTRATE JUDGE

14